UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IF ONLY, LLC and MAGNOLIA
SQUARE CPU, LLC,

     Plaintiffs,

v.                                     CASE NO: 6:22-cv-1007-PGB-LHP

CITY OF ST. CLOUD,

     Defendant.

_____/

## DEFENDANT'S RESPONSE IN OPPOSITION TO MOTION TO REMAND AND INCOPORORATED MEMORANDUM OF LAW

     Defendant, CITY OF ST. CLOUD, responds in opposition to Plaintiffs'

motion to remand this matter to state court and states:

## **TABLE OF CONTENTS**

**TABLE OF CONTENTS**……………………………………………………..i

**TABLE OF AUTHORITIES**……………………………………………..ii

 I. Procedural and Factual History …………………………………4

 II. Remand is Improper ………………………………………………4
  A. Plaintiffs' Improper Service of Process…………………...4
  B. Incorrect Florida Statute Contained Within Plaintiffs' Affidavit of Service ……………………………………….5
  C. Compliance with §48.111, Florida Statutes Required to Effectuate Proper Service …………………………………...5
  D. Plaintiffs' Fixation on 30 Day Extension Misplaced……………………………………………………7
  E. Defendant's Removal …………………………………..8
  F. City of St. Cloud Had an Objectively Reasonable Basis For Removal ………………………………………………..9

**CERTIFICATE OF SERVICE**…………………………………………10

## TABLE OF AUTHORITIES

*Barbour v. Int'l Union*, 640 F.3d 599, 626-27 (4th Cir. 2011)………………………7

*City of Hialeah v. Carroll*, 324 So.2d 639 (3d DCA 1976)…………………………6

*Florida City Police Dept. v. Cocoran*, 661 So.2d 409 (3d DCA 1995)……………6

*Kelley v. State of Florida*, 233 F.RD. 632 (S.D. Fla. 2005)…………………………6

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 348 (1999)……7

**Statutes**

§48.111, Florida Statute ……………………………………………………………5

## I.     Procedural and Factual History

Plaintiffs, IF ONLY, LLC and MAGNOLIA SQUARE CPU, LLC filed their lawsuit in the Ninth Judicial Circuit Court of Florida in and for Osceola County, Florida on April 20, 2022 (Dkt #1, 2, and 3), not April 19, 2022 as pled in Plaintiffs' Motion. The civil action at issue involves a claim arising from the Constitution of the United States as alleged by Plaintiffs. Accordingly, City of St. Cloud removed the action based upon federal question subject-matter jurisdiction pursuant to 28 U.S.C. §1331.

## II.    Remand Is Improper

### A.     Plaintiffs' Improper Service of Process.

Ms. Eileen Waldon, employee of City of St. Cloud, was served with Plaintiffs' Summons[1] and Complaint on May 5, 2022 (Dkt #8), not April 27, 2022 as pled by Plaintiffs in their instant Motion. See Summons and Affidavit of Service attached as Composite *Exhibit "A."* Said service was made through Ms. Eileen Waldon[2], not upon Mayor Blackwell. Ms. Waldon is not formally authorized by any resolution or ordinance of City of St. Cloud to accept service for Mayor Blackwell. Informally, Ms. Waldon has, as here, been approached and served with summons and initial

---

1 Summons made to: City of St. Cloud, Mayor Nathan Blackwell, 1300 9th St. Bldg. A 3rd Floor, St. Cloud, Fl 34769.
2 Listed as an Administrative Assistant in Plaintiffs' Affidavit of Service.

pleadings. City of St. Cloud, in good faith, did not move to quash service of process in State court but instead, after filing its Notice of Removal (Doc 1), filed its Motion to Dismiss (Doc 8) with this Court, however that does not mean that Plaintiff obtained valid service on City of St. Cloud to start the clock running for the City to remove the action to this Court under 28 U.S. Code §1446.

### B.   Incorrect Florida Statute Contained Within Plaintiffs Affidavit of Service

In addition, the Affidavit of Service incorrectly cites to § 48.081, Fla. Stat. (2021) as authority for service on behalf of a corporation. However, City of St. Cloud is a political subdivision of the State of Florida and can only be properly served upon strict compliance §48.111, Fla. Stat. (2021)[3] which provides the proper mechanism for service of process against a municipal corporation.

### C.   Compliance with §48.111, Florida Statutes Required To Effectuate Proper Service

The Summons directed to Mayor Blackwell of the City of St. Cloud should be quashed for insufficient, improper service of process, and lack of personal jurisdiction. The Summons directed to the City was served on a City employee, Ms.

---

3 48.111   Service on public agencies and officers.—

(1)   Process against any municipal corporation, agency, board, or commission, department, or subdivision of the state or any county which has a governing board, council, or commission or which is a body corporate shall be served:

(a)   On the president, mayor, chair, or other head thereof; and in his or her absence;

(b)   On the vice president, vice mayor, or vice chair, or in the absence of all of the above;

(c)   On any member of the governing board, council, or commission.

Waldon, as an administrative assistant, and was not properly served upon the Mayor as required to properly effectuate service pursuant to §48.111, Florida Statutes. Florida law requires strict compliance with §48.111 to effectuate proper service upon a local government like the City, and other employees of the City are not authorized by statute to accept service on the Mayor's behalf. *City of Hialeah v. Carroll*, 324 So.2d 639 (3d DCA 1976).

In *Carroll*, the plaintiff purported to effectuate service of the Complaint on the City of Hialeah by serving the City Clerk. The court held that because §48.111 was not strictly complied with by serving the Mayor or one of the persons enumerated in the statute, the city was not properly served, and no personal jurisdiction was properly obtained. See also *Kelley v. State of Florida*, 233 F. RD. 632 (S.D. Fla. 2005); *Florida City Police Dept. v. Corcoran*, 661 So. 2d 409 (3d DCA 1995). Accordingly, like in *Carroll*, service of a complaint and summons "served" upon a City of St. Cloud employee is improper to effectuate service upon the City, and there is no jurisdiction over the City. Therefore, pursuant to §48.111, Florida Statutes, and Fla.R.Civ.P. Rule 1.140, service of process should be quashed as to the City for insufficient/improper service and for lack of personal jurisdiction

Ultimately, City of St. Cloud does not claim it did not receive actual notice of the Complaint; rather it argues that the Notice of Removal was timely under these facts in this circumstance.

The failure of service of process of the Complaint is fatal to Plaintiffs' argument that City of St. Cloud's removal of this action was untimely. In *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999), the United States Supreme Court held that formal process is required to trigger the temporal deadlines for removal, noting that official service is required, not mere notice.

The Court determined that mere receipt of the complaint, unattended by formal service, was insufficient to initiate a defendant's 30-day period for removal of a state action to federal court. Id., See also *Barbour v. Int'l Union,* 640 F.3d 599, 626-27 (4th Cir. 2011) (recognizing that Murphy Bros. acknowledged the significance of formal service to the judicial process, particularly in the context of the time limits on removal).

### D.   Plaintiffs' Fixation On 30 Day Extension Misplaced

Plaintiffs appear to argue that City of St. Cloud relied on an extension for its response to Complaint as a justification for an alleged tardy removal. Such an argument is inapposite to the facts. It is true that counsel for City of St. Cloud reached out to Plaintiffs' counsel on May 16, 2022 requesting a 30-day extension to Wednesday May 25, 2022. It is also true that Plaintiffs agreed to such 30-day extension to file a responsive pleading. See email attached as ***Exhibit "B."*** However, City of St. Cloud did not rely on this courtesy to use it as a vehicle to extend its date for removal from State court. The statements were for background and procedural

posture of the State case.

**E.     Defendant's Removal**

On June 7, 2022, City of St. Cloud, desiring to remove this civil action from State court, filed in the District Court of the United States for the Middle District Of Florida, Orlando Division a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon City of St. Cloud in such action.

The question of the timeliness of the removal of an action turns upon the formalities of service of process, a matter that is often complicated. The 30th day after the receipt by Ms. Waldon of a copy of Plaintiffs' initial pleading setting forth the claim for relief upon which Plaintiffs' action is based would have been Saturday June 4, 2022, meaning Monday June 6th was the applicable date if Ms. Waldon had been properly authorized to accept service upon City of St. Cloud. City of St. Cloud contends that it was not, so that timely service of City of St. Cloud's removal was had upon Plaintiff and the Court with the June 7th Notice.

At the bottom of page 4 of its Motion Plaintiff incorrectly states in its argument that "The Defendant City of St. Cloud was served on April 27, 2022 and a timely Notice of Removal should have been filed by May 27, 2022." Plaintiffs' predicate is demonstrably wrong. The Affidavit filed by Plaintiffs in the State court

on May 13, 2022 sets out the date the "Summons and Complaint" were delivered to Ms. Waldon as administrative assistant to be "**5th day of May, 2022** at 11:16 am" (Bolding in Original), not April 27. <u>See</u> Affidavit at Composite ***Exhibit "A."***

Plaintiffs go further and lead themselves to an incorrect conclusion where Plaintiffs incorrectly calculate that "Defendant's Notice of Removal was filed June 7, 2022, eleven (11) days beyond the last day permissible for filing a Notice of Removal." Had Plaintiffs used the correct date that Ms. Waldon was improvidently given the Summons and Complaint then the City of St. Cloud is one day beyond the June 6th, 2022 date. But that is only true had Plaintiffs properly served Mayor Blackwell, instead of Ms. Waldon, or had Ms. Waldon been formally authorized through proper municipal action to receive service upon City of St. Cloud.

Instead, City of St. Cloud has participated in the suit without technical service and sought removal as is its right based on Plaintiffs' allegations containing a federal question. City of St. Cloud did timely file its Notice of Removal and this case should not be remanded back to the Ninth Judicial Circuit in and for Osceola County, Florida but remain before this Court.

**F.     City Of St. Cloud Had An Objectively Reasonable Basis For Removal**

Plaintiffs complete their argument by seeking an award of costs and fees from City of St. Cloud based on Plaintiffs' faulty premise that City of St. Cloud improperly removed the instant matter to this Court. <u>See</u> Plaintiffs' Motion at

Section II C asking this Court to impose fees through 28 U.S.C. § 1447(c). As shown, Plaintiffs' lack of obtaining proper service of process on City of St. Cloud, leads to the conclusion that the City of St. Cloud did not untimely seek removal. The fee sought by Plaintiffs are unwarranted.

### III.  Conclusion

Wherefore, the Defendant, CITY OF ST. CLOUD, respectfully requests this Court find that City of St. Cloud timely removed the State action to this Court and deny Plaintiffs IF ONLY, LLC and MAGNOLIA SQUARE CPU, LLC's motion to remand the instant matter to State court.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via the Clerk of the Court for the United States District Court for the Middle District of Florida using the CM/ECF system which will electronically notify all counsel or parties of record on July 7, 2022.

/s/ *John D. Metcalf*
STEPHANIE J. BRIONEZ
Florida Bar No. 0638161
JOHN D. METCALF
Florida Bar No. 0806021
Brionez + Brionez, P.A.
P.O. Box 985
Tavares, FL 32778
352-432-4044 - 352-609-2876 – fax
Primary Email: StephB@bblawfl.com
Secondary: JohnM@bblawfl.com
Attorneys for Defendant